IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROGER PRINGLE,

    Plaintiff,

v.                                                            Case No. 2:22-cv-00283

GOVERNMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's "Motion for Subject Matter Jurisdiction and Judgment on Constitutional Violations, W.Va. Code 55-2-15," which was treated as a complaint and used to open the instant civil action. (ECF No. 1.) Also pending are the following motions filed by Plaintiff: "Motion for Appointment of Counsel," (ECF No. 5); "Motion to Release for Lack of Jurisdiction," (ECF No. 9); "Motion Filling [sic] Release or Detention, 18 U.S.C. § 3142," (ECF No. 10); "Motion for Consideration of the Court," (ECF No. 11); "Motion Filing Conspiracy Pursuant to Federal Rules 42 U.S.C. § 1981 and 42 U.S.C. 12102," (ECF No. 14); and "Amended Motion for Appointment of Counsel," (ECF No. 22). Plaintiff also filed numerous other documents which were docketed as additional documentation in support of his initial motion, (ECF Nos. 3, 4, 6, 12, 15, and 17), and various letters to the Clerk or members of the Court, (ECF Nos. 7, 8, 13, 16, 18, 19, 20, 21, and 23). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, the referral of this matter to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on the pending matters.

This is the eighth civil action filed by Plaintiff in this Court, all but one of which have raised issues concerning Plaintiff's prosecution and conviction in a state court in Indiana, and his subsequent incarceration in Indiana state prisons.[1] As previously found in each of Plaintiff's prior cases, this Court lacks jurisdiction to consider any claims arising out of Plaintiff's criminal and habeas corpus proceedings in Indiana, or his incarceration in any Indiana correctional facilities, and this federal court is not the proper venue for such claims.

On October 4, 2018, in the matter of *Pringle v. Zatecky*, No. 2:18-cv-01023, ECF No. 11 (S.D.W. Va., Oct. 4 2018), the undersigned issued a pre-filing injunction prohibiting Plaintiff from filing any further actions in this Court pertaining to his criminal and habeas corpus proceedings in Indiana without leave of the Court. Specifically, the Court's Order states:

> 1. Petitioner Roger Pringle is hereby **ENJOINED** from filing any actions in the United States District Court for the Southern District of West Virginia pertaining to his criminal and habeas corpus proceedings in Indiana unless he has first obtained leave of the Court.
>
> 2. The Clerk is **DIRECTED** not to accept any additional filings from Roger Pringle pertaining to his criminal and habeas corpus proceedings in Indiana without a showing that he has obtained leave of the Court.

*Id.*

Plaintiff's convoluted motions and other serial filings again address issues concerning his Indiana criminal and habeas corpus proceedings and his incarceration in Indiana correctional facilities. Plaintiff has not obtained leave of this Court to file the instant civil action and the Court **FINDS** that this Court is not the appropriate venue for such claims. Accordingly, leave will not be granted to permit Plaintiff to proceed with this civil action in this Court. It is further **ORDERED** that the instant civil action is **DISMISSED** in accordance with the pre-filing injunction previously imposed in Case No. 2:18-cv-01023 and all motions pending therein, (ECF

---

[1] Plaintiff's other civil action, *Pringle v. Land Office of Records*, No. 2:16-cv-12089, ECF No. 8 (S.D.W. Va. Jul. 1, 2020), was dismissed as frivolous on July 1, 2020.

Nos. 1, 5, 9, 10, 11, 14, and 22), are **DENIED**. The Court **DIRECTS** the Clerk to remove this civil action from the docket of the Court.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to the *pro se* Plaintiff.

                    ENTER:      September 20, 2022

                      THOMAS E. JOHNSTON, CHIEF JUDGE